Lenk, J.
(concurring, with whom Duffly and Hines, JJ., join). I agree with the court’s conclusion that a search warrant may issue for the defendant’s cellular telephone pursuant to G. L. c. 276, § 1, to the extent that the procedure employed “recogniz[es] the inherent privileges associated with a search of a law firm” and ‘“eliminates the need for law enforcement officials to rummage through the [firm’s] files.” Ante at note 14. I write separately to underscore two points.
First, the court concludes that Rankin & Sultan’s continued retention of the telephone, beyond a period ‘“reasonably necessary for purposes of representation,” see Matter of a Grand Jury Investigation, 470 Mass. 399, 420 n.2 (2015) (Cordy, J., concurring), constitutes ‘“secretion” of evidence under G. L. c. 276, § 1. I emphasize, as stated by the court in a footnote, see ante at note 13, that there is no suggestion that the firm acted improperly in *279 declining to provide the Commonwealth with access to the telephone before it could be established (a) that the firm was in fact required to provide such access and (b) that doing so did not conflict with the firm’s duties to its client.[1] Cf. Mass. R. Prof. C. 8.5 comment 3, as appearing in 454 Mass. 1301 (2009) (rules of professional conduct “provide[ ] protection from discipline for lawyers who act reasonably in the face of [legal] uncertainty”).
Second, the court notes that the “seizure of the telephone by law enforcement officials pursuant to a search warrant does not involve an act of production by Rankin & Sultan implicating the attorney-client privilege.” Ante at note 12. As a corollary to this, the fact that the telephone was in the firm’s possession cannot be construed as “an admission ‘that the [items of evidence extracted from the device] . . . were in [the defendant’s] possession or control, and were authentic.’ ” Matter of a Grand Jury Investigation, supra at 403, quoting United States v. Hubbell, 530 U.S. 27, 36 (2000). See ante at note 14 (evidence seized from firm must be “independently . . . authenticate[d]”). Were this not so, the warrant procedure might, indeed, implicate the attorney-client privilege. See Matter of a Grand Jury Investigation, supra at 420 (Cordy, J., concurring) (seizure pursuant to warrant does not implicate attorney-client privilege if does not “result in a production that is testimonial and incriminating”).

 While the term “secrete” may, in other contexts, refer to an act of improper concealment, see Black’s Law Dictionary 1557 (10th ed. 2014), that is not so here. Indeed, the interpretation given by the court to the word “secrete” in G. L. c. 276, § 1, is not claimed to reflect that word’s most natural or common meaning. Rather, it reflects the court’s understanding that the statute must be construed “in accordance with the Legislature’s intent,” and that “nothing in the [statute’s] extensive legislative history . . . suggestfs] that the Legislature intended for its provisions ‘to permanently shield from seizure unprivileged evidence of criminal activity placed in the hands of an attorney by a client under investigation, or to create a depository for the secretion or sequestration of such evidence from law enforcement.’ ” Ante at 276, quoting Matter of a Grand Jury Investigation, 470 Mass. 399, 419 (2015) (Cordy, J., concurring). See Commonwealth v. Scott, 464 Mass. 355, 358 (2013) (“construction of a word or phrase may vary from its plain meaning when such a meaning would ‘involve a construction inconsistent with the manifest intent of the law-making body’ ” [citation omitted]).